UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

===============================================

JARED SIBLEY,

                            Plaintiff,

              v.                               DECISION AND ORDER
                                                    11-CV–01043

JAMESTOWN BOARD OF PUBLIC UTILITIES, et al

                            Defendants.

===============================================

## INTRODUCTION

Presently before the Court are Plaintiff's motions for default judgment and Defendants' motions to vacate certificates of default entered by the Clerk of the Court on January 17, 2012. Also before the Court are Plaintiff's requests for a subpoena ordering a "pre-discovery" deposition of a potential witness and Defendants' requests for sanctions against Plaintiff's counsel in the form of costs and attorney's fees.

As explained below, Plaintiff's motions for default judgment and pre-discovery deposition of a potential witness are denied. Defendants' motions to vacate the entries of default are granted. Finally, Plaintiff's counsel is ordered to show cause as to why Defendants' request for sanctions in the form of costs and attorney's fees, pursuant to Section 1927 of Title 28 of the United States Code, should not be granted.

## RELEVANT FACTS

On December 28, 2011 Plaintiff Jared Sibley ("Plaintiff") filed a complaint against his former employer, Jamestown Board of Public Utilities ("Jamestown BPU"), and three individual employees of Jamestown BPU.  Plaintiff alleges that he was retaliated against for opposing unlawful discrimination against a co-worker under the Americans with Disabilities Act and the New York State Human Rights Law.  Plaintiff also asserts causes of action pursuant to Section 740 of the New York State Labor Law and constitutional claims under Section 1983 of Title 42 of the United States Code.[1]

Defendants were never properly served with the summons and complaint.  Specifically, Plaintiff attempted to serve both Jamestown BPU and the individual Defendants by leaving copies of the summons and complaint with a customer service representative for Jamestown BPU.  This employee was not an authorized agent for service of process under either state or federal law.  Moreover, Plaintiff never mailed copies of the summons and complaint to the individual Defendants, as is required to properly complete service through delivery to an individual's place of business.

Affidavits submitted by Defendants further indicate that after William Wright, counsel for Jamestown BPU, became aware of the summons and

---

[1] The co-worker is represented by the same counsel in a related case pending against Defendants in this case, and Defendants are represented by the same counsel. *See Klaes v. Jamestown Board of Public Utilities, et al*, docket number 11-cv-606.

complaint, he contacted Plaintiff's attorney Lindy Korn via letter on January 10,

2012.  Mr. Wright notified Ms. Korn that service was not properly effectuated, but

that Jamestown BPU was willing to waive service and proceed with defense of

the action.  Mr. Wright also indicated that he had not yet spoken with the

individual Defendants, but that he anticipated that they would also be willing to

waive service.  Ms. Korn never responded to Mr. Wright's letter.  Instead, three

days later, she filed requests for entries of default with the Clerk of the Court.  Her

requests were granted on January 17, 2012.

On January 19, 2012, Jeremy Colby, Jamestown BPU's litigation counsel,

contacted Ms. Korn via email.  Mr. Colby reiterated that the summons and

complaint were not properly served, but that Defendants were willing to waive

service and proceed with defense of the action.  Mr. Colby requested that Ms.

Korn respond to Mr. Wright's letter regarding acceptance of service, and move to

set aside the Clerk's entries of default.  Ms. Korn disregarded Mr. Colby's

communications.  Instead, she made the instant motion seeking default judgment

against all Defendants.

### DISCUSSION

### *Plaintiff's Motion for Default Judgment*

Rule 55 of the Federal Rules of Civil Procedure sets forth the two-part

procedure for obtaining a default judgment.  Fed. R. Civ. P. 55(a).  To begin, the

party moving for default must obtain an entry of default from the Clerk of the

Court.  *Id*.  Secondly, the moving party must seek a default judgment from the

Court.  *Id*.  Here, the Clerk has entered certificates of default against all

Defendants and Plaintiff now seeks a default judgment from this Court.  As set

forth below, Plaintiff's request for default judgment is inappropriate and will be

denied.

The procedural requirements of effective service of process must be

satisfied before a Court can assert personal jurisdiction over a defendant.  *Omni*

*Capital Int'l v. Rudolph Wolf & Co., Ltd.*, 484 U.S. 97 (1987).  Thus, a default

judgment entered against a defendant by means of improper service is void

under Federal Rule of Civil Procedure 60(b)(4).  *Am. Inst. Of Certified Pub.*

*Accountants v. Affinity Card, Inc.*, 8 F. Supp. 2d 372, 376 (SDNY 1998).  *See also*

*Dorrough v. Harbor Securities, LLC*, 2002 U.S. Dist. LEXIS 13546 (EDNY 2002)

(default judgment vacated where service was never properly effectuated and "the

mere fact that [defendant] had knowledge of the lawsuit [was] insufficient to cure

plaintiff's failure to properly effectuate service").

Federal Rule of Civil Procedure 4(h)(1) requires service on a partnership,

association or corporation, such as Jamestown BPU, by delivery to "an officer, a

managing or general agent, or any other agent authorized by appointment or by

law to receive service of process."[2]  With respect to individual Defendants, the

---

[2]New York State Civil Procedure Law and Rules requires service upon "the chairman or other presiding officer, secretary or clerk."  *See* NY CPLR §312.

4

Federal Rules require service at an "individual's dwelling or usual place of abode" or "delivery to an agent authorized to receive process."  *See* Fed. R. Civ. P. 4(e)(2).[3]

Defendants have submitted sworn affidavits attesting to the deficiencies of the service of the summons and complaint.  Indeed, Plaintiff erroneously attempted to serve both Jamestown BPU and the individual Defendants by leaving copies of the summons and complaint with a customer service representative.  This employee was not an authorized agent for service under either the state or federal rules governing service for public utilities.  This employee was also not an authorized agent for service under the federal rules with respect to the individual Defendants.  In addition, Plaintiff never mailed copies of the summons and complaint to the individual Defendants, as is required to properly complete service, under state law, at an individual's place of business.  Valid service of process was never effectuated on Defendants and, accordingly, this Court does not have personal jurisdiction over Defendants.  These jurisdictional defects render baseless Plaintiff's request for a default judgment.

Plaintiff does not dispute any of Defendants' descriptions of the attempts at service but instead argues that the affidavits of service constitute "prima facie evidence of valid service."  Courts in this Circuit have found that an affidavit of

---

[3]New York State Civil Procedure Law and Rules permit service by delivery to an individual's place of business, but also requires mailing to a defendant at his or her last known residence or the actual place of business.  *See* NY CPLR §308.

service constitutes prima facie evidence of effective service. *The Reynolds Corp. v. National Operator Services, Inc*., 208 F.R.D. 50 (WDNY 2002); *Polygram Merchandising, Inc. v. New York Wholesale Co.*, 2000 U.S. Dist. LEXIS 166 (SDNY 2000). However, once plaintiff's evidence has been contested, it is ultimately plaintiff's burden to demonstrate that service was proper. *Id.*; *Gore v. The RBA Group, Inc*., 2009 U.S. Dist. LEXIS 130673 (SDNY 2009) ("Once a defendant raises a challenge to service pursuant to Rule 12(b)(5), the plaintiff bears the burden of proving that service of process was adequate.").

Here, the affidavit of service with respect to Jamestown BPU indicates that it was served on a customer service representative. The process server checked the box indicating that this employee was designated by law to accept service. The affidavits of service with respect to the individual Defendants seem to indicate that copies of the summons and complaint were left at each individual Defendant's workplace and mailed to each individual Defendant's last known address. However, immediately after receiving notice of the complaint and before the time to answer had expired, Defendants' counsel contacted Plaintiff's counsel and stated that service had not been made on an authorized agent for any of the Defendants, including Jamestown BPU, and that none of the individual Defendants had been served. Furthermore, Defendants' counsel later submitted affidavits verifying that the customer service representative was not an agent for

service of process for any of the Defendants and that none of the individual
Defendants had received the summons and complaint via mail.

      While the affidavits of service relied on by Plaintiff may have been facially
valid, once Plaintiff received defense counsel's letter contesting the manner of
service, Plaintiff was obligated to come forward with proof of proper service.
Plaintiff has submitted no proof, in the form of affidavits or otherwise, that service
was properly effectuated.  Morever, Defendants have submitted sworn affidavits
attesting to the deficiencies in service of process.  Based upon Defendants'
sworn statements and the lack of evidence submitted by Plaintiff, this Court finds
that service of process was deficient under both federal and New York state law.

      Plaintiff's contention that "actual notice to the Defendants effectuates
process" is also without merit.  While Plaintiff has cited cases which seem to
indicate that minor defects in the manner of service may not be enough to divest
a court of personal jurisdiction where a defendant has been provided notice of the
lawsuit, the weight of authority in this Circuit, as well as in New York state,
indicates that actual or constructive notice is not a substitute for proper service.
*See National Development Co. v. Triad Holding Corp.*, 930 F.2d 253 (2d Cir.
1991) ("We reject the notion that 'actual notice' suffices to cure a void service.");
*Phillip v. City of New York,* 2012 US Dist. LEXIS 63966 (EDNY 2012) (actual
notice does not cure deficient service); *Markoff v. South Nassau Community
Hosp.*, 61 N.Y.2d 283 (1984) ("Actual notice alone will not sustain the service or

7

subject a person to the court's jurisdiction when there has not been compliance with prescribed conditions of service.").[4]

Furthermore, assuming, *arguendo*, that actual notice was sufficient or that Plaintiff could provide evidence that service was properly made, a default judgment still would not be appropriate here.  Default judgments are generally disfavored and reserved for rare occasions.  *City of New York v. Mickalis Pawn Shop*, LLC, 645 F.3d 114 (2d Cir. 2011).  The Second Circuit has described "a district court's discretion in proceeding under Rule 55 as circumscribed."  *Id*. at 129; *New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005) (Second Circuit acknowledging that a default judgment is the most severe sanction which the court may apply and the strong preference for resolving disputes on their merits).

Here, a default judgment is wholly unwarranted.  Upon receiving notice of the improperly served summons and complaint, Defendants' counsel did not ignore the matter or move to dismiss the complaint for improper service, but rather immediately contacted Plaintiff's counsel and offered to waive service of process.  Instead of responding to this reasonable and fair offer to begin litigating the case on its merits, Plaintiff's counsel filed the instant motion for default judgment.  This is not a case of a defendant attempting to evade service or

---

[4]It should also be noted that, here, the defects in service were not minor. Affidavits submitted by Defendants indicate that Plaintiff failed to serve an authorized agent for any of the Defendants, and that copies of the summons and complaint were not mailed to any of the individual Defendants.

defense of an action.  Rather, it appears that Plaintiff is attempting to gain an

unfair advantage by ignoring opposing counsel's communications and filing for a

default judgment, all the while neglecting to inform this Court that Defendants

offered to waive service.  Taking into account these facts, Plaintiff's request for a

default judgment is not only improper and unreasonable, it has clearly wasted this

Court's time and resources.  Accordingly, Plaintiff's request for a default judgment

is denied.

### *Defendants' Request to Vacate Entry of Default*

Federal Rule of Civil Procedure 55(a) provides that a clerk may enter a

default after being advised by affidavit or otherwise that a party against whom a

judgment for affirmative relief is sought has failed to plead or otherwise defend.

*See* Fed. R. Civ. P. 55(a).  A party may move pursuant to Rule 55(c) to set aside

an entry of default for "good cause."  *See* Fed. R. Civ. P. 55(c).  The Second

Circuit has expressed, on numerous occasions, that defaults are strongly

disfavored.  *Cody v. Mello*, 59 F.3d 13, 15 (2d Cir. 1995) (litigation disputes

should be resolved on the merits, rather than by default); *Enron Oil Corp. v.

Diakuhara*, 10 F.3d 90, 95 (2d Cir. 1993) ("defaults are generally disfavored and

are reserved for rare occasions").

The Second Circuit has set forth the following three factors to be

considered when evaluating requests to set aside an entry of default: (1) whether

the default was willful; (2) whether setting aside the default would prejudice the

adversary; and (3) whether a meritorious defense is presented.  *Enron Oil Corp.*,

10 F.3d at 95.  District courts may also consider other relevant equitable factors,

such as, whether the failure to follow a rule of procedure was a mistake made in

good faith and whether the entry of default would bring about a harsh or unfair

result.  *See Sony Corp. v. Elm State Elecs., Inc.*, 800 F.2d 317, 320 (2d Cir.

1986).

Ample good cause exists to grant Defendants' request and set aside the

Clerk's entries of default.  To begin, Defendants' failure to timely answer the

summons and complaint was clearly not willful since no responsive pleading was

due.  As explained above, Defendants were never properly served.  Moreover,

even if a legitimate dispute over service existed, their counsel's correspondence

offering to waive service was vexatiously ignored by Plaintiff's counsel.

Further, Plaintiff cannot demonstrate prejudice.  Plaintiff makes conclusory

and wholly unsupported allegations that Defendants are "tainting the witness pool

and actively destroying evidence."  Not only are Plaintiff's contentions irrelevant to

the dispute presently before the Court, but Plaintiff offers no factual basis of any

kind to support such serious allegations.  Further, since Plaintiff unreasonably

ignored Defendants' offer to waive service and commence defense of the lawsuit,

any inconvenience or difficulties in discovery as a result of a delay are of

Plaintiff's making alone.  Finally, affidavits offered by Defendants sufficiently

refute all allegations of discrimination or retaliation, and constitute a meritorious

defense for purposes of vacating an entry of default.  *See Dengel v. Dearden*,
2007 US Dist. LEXIS 9540 (WDNY 2007) (In seeking relief from a default
judgment, the defendant must present a meritorious defense which "is not
measured by whether there is a likelihood that it will carry the day, but whether
the evidence submitted, if proven at trial, would constitute a complete defense.")

### *Plaintiff's Request for a "Pre-Discovery Subpoena"*

Plaintiff has also moved for an order requiring the "pre-discovery"
deposition of Shirlee Pound, a former employee of Jamestown BPU.  Plaintiff
contends that Ms. Pound has "knowledge of efforts by defendants to destroy
evidence" and that this information will be offered in support of their opposition to
Defendants' request to vacate the entries of default.[5]

The Court finds that no basis presently exists for a subpoena of Ms. Pound.
According to affidavits offered by Defendants, Ms. Pound left her employment
with Jamestown BPU in October 2007.  The instant complaint was filed in
December 2011.  The earliest alleged incident of discrimination contained in the
complaint is February 2008.  There is no factual basis to indicate that Ms. Pound
has first-hand knowledge of anything relevant to the motions presently before this
Court.  In fact, it is unclear how Ms. Pound has first-hand knowledge of anything

---

[5]Plaintiff maintains that a subpoena is necessary because Ms. Pound is bound
by a confidentiality provision in a settlement agreement between Ms. Pound and
Jamestown BPU.

at all relevant to this litigation.  Plaintiff's request for a subpoena ordering a "pre-

discovery" subpoena of Ms. Pound is therefore denied.

<u>*Defendants' Request for Attorney's Fees*</u>

Defendants have requested an award, against Plaintiff's counsel, of the

attorney's fees and costs incurred in bringing and defending the instant motions.

Section 1927 provides in pertinent part that:

> Any attorney or other person admitted to conduct cases in any court
> of the United States...who so multiplies the proceedings in any case
> unreasonably and vexatiously may be required by the court to satisfy
> personally the excess costs, expenses, and attorneys' fees
> reasonably incurred because of such conduct.

28 USC §1927; *Unite Here v. Cintas Corp.*, 500 F. Supp. 2d 332 (SDNY 2007).

The principle purpose of Section 1927 is to deter attorneys from engaging in

conduct that causes unnecessary delay or generates needless proceedings.

*Sicurelli v. Jeneric/Pentron, Inc.*, 2005 US Dist. Lexis 38943 (EDNY 2005); *United*

*States v. Int'l Bhd. of Teamsters*, 948 F.2d 1338, 1345 (2d Cir. 1991) ("Section

1927 is intended to preserve judicial resources and to prevent delays in court

proceedings resulting from counsel's conduct.")

Pursuant to the text of the statute, Section 1927 requires a court to find an

attorney has (1) multiplied proceedings; (2) in an unreasonable and vexatious

manner; (3) thereby increasing the cost of the proceedings; and (4) doing so in

bad faith or by intentional misconduct.  *In re Prudential Insurance Co.*, 278 F.3d

175 (3d Cir. 2002).  A district court may sanction counsel pursuant to Section

1927 "only when there is a finding of conduct constituting or akin to bad faith."
*Salovaara v. Eckert*, 222 F.3d 19 (2d Cir. 2000).

The Court finds that although Section 1927 sanctions are a harsh remedy, they appear to be warranted in the instant action.  Upon receipt of the summons and complaint, notwithstanding their belief that service was improper, Defendants' counsel immediately contacted Plaintiff's counsel and offered to waive service.  Plaintiff's counsel, knowing that Defendants intended to answer and defend the suit, disregarded opposing counsel's letter and sought entry of default.  On January 19, 2012, Defendants' counsel sent a second correspondence indicating their intent to appear.  Plaintiff's counsel again ignored opposing counsel and instead filed a motion for default judgment on the very same day.

Plaintiff's counsel offers no factual basis for the decision to ignore Defendants' counsels' representations that service has not been accomplished.  Moreover, in making the instant motion for default judgment, Plaintiff's counsel failed to disclose to this Court that Defendants' counsel contacted her and offered to resolve the service issues.  Regardless of whether a legitimate dispute over the correctness of service of process existed, this lack of candor with the Court and refusal to respond to good faith communications by opposing counsel is unacceptable.

13

Plaintiff's counsel's actions appear wholly vexatious. Plaintiff's counsel demonstrated a lack of both good faith and good judgment in refusing to even respond to defense counsel's communications offering to resolve service of process issues attributable to Plaintiff. Moreover, Plaintiff's counsel needlessly and unreasonably multiplied the proceedings by filing this meritless motion for default judgment. By unnecessarily delaying these proceedings, Plaintiff's counsel has indicated a lack of consideration for both the Court's time and resources, and Defendants' time and resources. Accordingly, Plaintiff's counsel is directed to show cause as to why sanctions under Section 1927, in the form of attorney's fees and costs, are not appropriate.

## CONCLUSION

For all of the foregoing reasons, Plaintiff's motions for a default judgment and requests for a subpoena to depose Ms. Shirlee Pound are denied. Defendants' requests to vacate the Clerk's entries of default are granted. Defendants shall answer or otherwise move against the complaint by July 31, 2012. Also by July 31, 2012, Plaintiff's counsel is ordered to show cause as to why Defendants' motion for sanctions in the form of attorney's fees and costs, pursuant to Section 1927 of Title 28 of the United States Code, should not be granted. The Court will issue a text order if a response by Defendants to factual averments in Plaintiff's order to show cause is necessary. Oral argument is scheduled for August 23, 2012 at 9:00 a.m.

14

SO ORDERED.

_s/ Richard J. Arcara_
HONORABLE RICHARD J. ARCARA
UNITED STATES DISTRICT JUDGE

DATED: July 13, 2012