UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JARED SIBLEY,

                              Plaintiff,

        v.                                              DECISION AND ORDER
                                                        11-CV–01043

JAMESTOWN BOARD OF PUBLIC
UTILITIES, et al

                              Defendants.


## INTRODUCTION

On July 13, 2012, this Court issued a Decision and Order granting the

motion of Defendants Jamestown Board of Public Utilities ("Jamestown BPU"),

David Leathers, David Watkins and Chris Rogers (collectively referred to as

"Defendants") to vacate the Clerk of the Court's entry of default and denying

Plaintiff Jared Sibley's ("Plaintiff") motion for default judgement and request to

conduct a "pre-discovery" deposition.  The Court also ordered Plaintiff's counsel

to show cause as to why Defendants' request for sanctions for filing a meritless

motion for a default judgment, in the form of costs and attorneys fees, should not

be granted.

On August 14, 2012, Plaintiff's counsel submitted a memorandum of law in

support of her contention that sanctions are not warranted.  Defendants

submitted a reply affidavit on August 21, 2012.  Oral argument was held on

August 23, 2012.

After reviewing the parties' submissions and hearing argument from the

parties, the Court declines to impose sanctions on Plaintiff's counsel based upon

the filing of the meritless motion for default judgment.  However, the Court

cautions that if Plaintiff's counsel engages in any similar conduct during the

remainder of this litigation, the Court will likely impose sanctions.

## **DISCUSSION**

Section 1927 of Title 28 of the United States Code provides in pertinent

part that:

> Any attorney or other person admitted to conduct cases in any court
> of the United States...who so multiplies the proceedings in any case
> unreasonably and vexatiously may be required by the court to satisfy
> personally the excess costs, expenses, and attorneys' fees
> reasonably incurred because of such conduct.

28 USC §1927; *Unite Here v. Cintas Corp.*, 500 F.Supp 2d 332 (SDNY 2007).

The principle purpose of Section 1927 is to deter attorneys from engaging in

conduct that causes unnecessary delay or generates needless proceedings.

*Sicurelli v. Jeneric/Pentron, Inc.*, 2005 US Dist. LEXIS 38943 (EDNY 2005);

*United States v. Int'l Bhd. Of Teamsters*, 948 F.2d 1338, 1345 (2d Cir. 1991)

("Section 1927 is intended to preserve judicial resources and to prevent delays in

court proceedings resulting from counsel's conduct.")

Section 1927 requires a court to find an attorney has: (1) multiplied proceedings; (2) in an unreasonable and vexatious manner; (3) thereby increasing the cost of the proceeding; and (4) done so in bad faith or by intentional misconduct. *In re Prudential Insurance Co.*, 278 F.3d 175 (3d Cir. 2002). Sanctions are a harsh remedy and a district court may sanction counsel pursuant to Section 1927 "only when there is a finding of conduct constituting or akin to bad faith." *Salovaara v. Eckert*, 222 F.3d 19 (2d Cir. 2000); *Mone v. Commissioner of Internal Revenue*, 774 F.2d 570, 574 (2d Cir. 1985) (instructing that Section 1927 should be construed narrowly and with great caution). Bad faith can be inferred "when the actions taken are so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose." *Schlaifer Nance & Co., Inc. v. Estate of Warhol*, 194 F.3d 323, 337 (2d Cir. 1999)

Here, Plaintiff's counsel's motion for a default judgment was a waste of time. Plaintiff's counsel attempted service on Jamestown BPU and the individual Defendants. Shortly after receiving notice of the complaint and before the time to answer had expired, William Wright, counsel for Jamestown BPU, contacted Plaintiff's counsel and stated that service had not been made on an authorized agent for Jamestown BPU, and that none of the individual Defendants had been properly served. Plaintiff's counsel never responded. Instead, she filed requests for entries of default with the Clerk of the Court three days later.

Shortly thereafter, Jeremy Colby, Jamestown BPU's litigation counsel, contacted Plaintiff's counsel via email. Mr. Colby reiterated that the summons and complaint were not properly served, but that Defendants were willing to waive service and proceed with defense of the action. Plaintiff's counsel disregarded Mr. Colby's communication and proceeded to pursue a default judgment. Moreover, in pursing the motion for default judgment, Plaintiff's counsel failed to disclose to this Court that defense counsel contacted her and offered to resolve the service issues.

In denying Plaintiff's motion for default judgment, this Court noted that once Plaintiff's counsel received defense counsel's letter contesting the manner of service, she was obligated to come forward with proof of proper service. Furthermore, regardless of whether a legitimate dispute over the correctness of service of process existed, Plaintiff's decision not to respond in good faith to communications by opposing counsel, and not to disclose the communications to the Court, is unacceptable. Plaintiff's counsel needlessly and unreasonably delayed and multiplied these proceedings by filing a motion for default judgment that lacked a legally sufficient basis. Plaintiff's counsel's lack of consideration for the Court's and the litigants' time and resources, and for the legal standard for entry of a default judgment, prompted this Court's order to show cause.

Plaintiff's counsel provides a myriad of reasons why sanctions should not be imposed. She argues at length about the sufficiency of the affidavits of

service, contending that she had a reasonable basis to conclude that service was effectuated and a "colorable argument" that service on Jamestown BPU was correct. Further, Plaintiff's counsel maintains that she did not respond to Mr. Wright's letter because he was a "represented party" in a related case. She states that she read Mr. Colby's email communication only after she had already filed the motion for default judgment. Plaintiff's counsel also contends that she had no obligation to accept Defendants' offer to waive service and that the Court should consider the bitterness and contentiousness of the present litigation in evaluating the imposition of sanctions.

Plaintiff's counsel's contention that the motion for default was "understandable" given the bitterness and contentiousness of the present litigation is mistaken. This Court expects counsel to recognize that it is most important to adhere to standards of reasonable and appropriate behavior during litigation that is contentious and bitter.

The Court further rejects Plaintiff's counsel's reasons for failing to respond to defense counsel's communications. If Plaintiff's counsel believed that it was inappropriate to respond to Mr. Wright's letter she should have contacted Mr. Colby, who represents Mr. Wright and Jamestown BPU in a related matter. Plaintiff's counsel maintains that she only received Mr. Colby's email offering to waive service hours after she had filed her initial motion for default judgment. That does not explain why she did not immediately withdraw the motion and

instead continued to pursue the request for default judgment in a subsequent reply and oral argument before this Court.

With respect to the extensive discussion of the manner of service of process, Plaintiff's counsel is reminded that she is not facing sanctions for the manner of service of process, but instead because she aggressively pursed a meritless motion for a default judgment. Morever, Plaintiff's counsel pursued default judgment without disclosing defense counsel's communications to this Court.

Plaintiff's counsel is correct that she had no obligation to accept Defendants' offer to waive service. However, Plaintiff's counsel does have an obligation to refrain from filing frivolous motions. *See* Fed. R. Civ. P. 11(b) ("An attorney who signs a pleading, motion or other papers certifies that she has made a reasonable inquiry and that to the best of her knowledge, information, and belief...any claims or defenses have support in existing law or in a non-frivolous argument."). It should have been clear to Plaintiff's counsel, a reasonable and prudent attorney, that there is no basis in fact or in law for a default judgment against Defendants who have: (1) notified opposing counsel that they believe there is an issue with service of process, (2) expressed a clear intent to appear and defend against the action; and (3) offered to waive service in order to begin litigating the case on its merits. *See Keebler v. Rath*, 405 Fed. Appx. 517 (2d Cir. 2010) (resolution of a motion to vacate a default judgment is "addressed to the

6

sound discretion of the district court", bearing in mind that [the Second Circuit has] expressed a "strong preference for resolving disputes on the merits," and that all doubts must be resolved in favor of the party seeking relief from the default judgment); *Robinson v. Sanctuary Music*, 383 Fed. Appx. 54 (2d Cir. 2010) (where defendant appeared, default was not willful and defendant acted in good faith, the Second Circuit had "no difficulty" vacating the default judgment, "especially against the backdrop of this Circuit's preference for resolving disputes on the merits"); *Castiglione v. Pap*, 432 Fed. Appx. 10 (2d Cir. 2011) (denial of default affirmed since defendant had meritorious defenses to the claims against him and there is a "strong preference in the [Second] Circuit for resolving disputes on the merits")

Despite the arguments and attempts at explanation set forth in Plaintiff's counsel's order to show cause, Plaintiff's counsel states that she "deeply regrets" the positions taken by her office in this matter. Sanctions under Section 1927 are an extremely harsh remedy and should only be granted where there exits a clear showing of bad faith. The Court finds that Plaintiff's motion for default constituted a bad error in judgment, however, it will credit Plaintiff's counsel's assertions that she did not act in bad faith, to gain an unfair advantage, or to delay or multiply the proceedings. In making this finding, the Court notes that Plaintiff's counsel has practiced in the Western District of New York for over thirty years and has never been sanctioned by any court or administrative tribunal. Thus, the Court will

provide Plaintiff's counsel the benefit of treating the motion at issue as a singular lapse in judgment rather than a demonstration of bad faith.

Finally, the Court notes that Plaintiff's counsel retained outside counsel to represent her with respect to Defendants' motion for sanctions. The Court finds that the time and expense of defending against the request for sanctions is a sufficient remedy for Plaintiff's counsel's behavior. Plaintiff's counsel should be cautioned, however, that any similar behavior over the course of this litigation will likely result in the imposition of sanctions.

### *Conclusion*

For all of the foregoing reasons, Defendants' motion for sanctions is denied and the Court's order to show cause is terminated consistent with this Decision and Order.

SO ORDERED.

*s/ Richard J. Arcara*
HONORABLE RICHARD J. ARCARA
UNITED STATES DISTRICT JUDGE

DATED: September 19, 2012